15882

KIRBY v. CAROLINA STAGES.
(40 S. E. (2d), 165)

*Mr. C. Walker Limehouse,* of Orangeburg, for Appellant,

*Mr. John I. Rice*, of Columbia, for Respondent, 

November 6, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

This action was brought by the appellant, Anna S. Kirby, against the Carolina Stages for $201.00 for loss of baggage while being shipped intrastate from Columbia, South Carolina, to Rock Hill, South Carolina. The defendant, answering, set up a general denial, and also plead that under provision 8516, Volume 4, Code of Laws of South Carolina, 1942, and Rule 79 thereunder, of the Public Service Commission of South Carolina, that its liability was limited to the sum of $50.00. Upon these facts the matter was submitted to County Judge Legare Bates of the Richland County Court, who held that defendant's liability was limited to $50.00 under Rule 79, and the plaintiff now appeals to this Court upon exceptions which raise the question of whether or not said rule as contained in Section 8516, Volume 4, 1942 Code of Laws of South Carolina, constitutes a limitation of liability in regard to baggage carried intrastate by a common carrier, and if so, has the respondent complied with the law respecting the publication of the Notice to Passengers regarding such limitation?

Section 8516 of the Code of Laws of South Carolina, 1942, Volume 4, provides in part as follows:

"The commission is hereby vested with power and authority and it shall be their duty to supervise and regulate every motor carrier in this State; to fix or approve the rates, fares, charges, classification and rules and regulations

pertaining thereto, of each such motor carrier: provided, however, that the rate now obtaining by the respective motor carrier shall remain in effect until such time, when pursuant to complaint and proper hearing, the commission shall have determined that said rate or rates are unreasonable."

Rule 79 reads as follows:

"Subject to the conditions of Rules 77 and 78 of the Commission's Rules governing the operation of motor vehicle carriers in South Carolina, three pieces of hand baggage not to exceed a total weight of one hundred pounds, and not to exceed in value fifty dollars for each such piece of baggage, shall be checked and carried free of charge for each adult passenger. Baggage of additional weight and/or value shall be declared at the time of checking the same, and such excess baggage, whether of weight or value, or both, shall be transported by the carrier at rates to be approved by the Commission."

Section 7159, Volume 4, Code of 1942 for South Carolina, reads as follows:

"No public notice or declaration shall limit or in anywise affect the liability at common law of any public common carriers for or in respect of any goods to be carried and conveyed by them; but they shall be liable, as at common law, to answer for the loss of or injury to any articles and goods delivered to them for transportation, any public notice or declaration by them made, and given contrary thereto or in anywise limiting such liability notwithstanding."

If Section 8516 of the 1942 Code does not act to repeal or amend Section 7159, which appears to have been the law since 1864, then, of course, the Commission had no right to adopt Rule 79. Section 8516 was enacted in 1925 as part of Act 170, 34 Statute 252, "providing for the regulation, supervision, and control" of motor common carriers

and imposing license fees, and purports only to vest the Commission with authority to "supervise and regulate every motor carrier in this State; to fix or approve the rates, fares, charges, classification, and rules and regulations pertaining thereto, of each such motor carrier."

Section 17 of Act 170 of 1925 (34 Statute 262), the repealing clause of the Statute of which the present Code Section 8516 is a part, appears as follows:

"All acts or parts of acts inconsistent herewith are hereby repealed to the extent of said inconsistency, but nothing herein contained shall be construed to relieve any motor vehicle as herein defined from any regulation otherwise imposed by law or lawful authority." And the first of the following Section 18 emphasizes the foregoing provision as follows:

"This Act shall not be construed to deprive any person or persons of any right of action to which he is entitled to under the law, but shall be construed as cumulative thereto."

These provisions seem inescapably to expressly preserve the efficacy of the old Section 7159. This negation of appeal is carried forward in the present Code of 1942 as Sections 8523 and 8524 which must have been overlooked by the lower court in the consideration of this case.

A similar relation of corresponding statutes existed in the State of New York and the courts there reached a similar conclusion to that proposed here. (See cases cited in L. R. A., 1916-A, p. 1275.)

Thus it is the opinion of this Court that Rule 79 of the Commission, insofar as it attempts to limit the liability for lost baggage to less than its value, is directly contrary to the Statute law of the State (and the common law); therefore, the judgment of the lower court is reversed and the case remanded to the County Court of Richland County for trial.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.